ROBERT R. POWELL, ESQ.    CSB# 159747
DENNIS R. INGOLS, ESQ.      CSB# 236458
BRETT O. TERRY, ESQ.        CSB# 270694
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San Jose, California 95126
(408) 553-0200 Telephone
(408) 553-0203 Facsimile
E: rpowell@rrpassociates.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### (Western Division – Los Angeles)

| | |
|---|---|
| SEBASTIAN XOSS, MIRSHA LOPEZ,<br>　　　　　Plaintiffs<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br>　　　Defendants. | Case No: CV12-01400 PSG (RZx)<br><br><br>STIPULATION OF THE PARTIES RE: JUVENILE CASE RECORDS |

**RECITALS:**

Both plaintiffs' counsel and defendants' counsel for the County of L.A.

defendants (there is also a separate counsel for defendant Alesia Campbell, as

explained below), have significant experience in handling cases of the nature and

type of this very case; claims of unlawful removal of children by County of Los

1

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

Angeles social workers and/or officers, where there has been, subsequent to removal, juvenile dependency court proceedings.

It is the experience of both counsel that the normally utilized "Welfare & Institutions Code Section 827" ("827 Petition") petitions one uses pursuant to California statute W&IC 827, when attempted in the County of Los Angeles Superior Court – Juvenile Division, take many, many months to even be acted upon.  Counsel submits they have both knowledge from colleagues in similar cases, and personal experiences of their own, of the production taking approximately one year!  Periods of more than 6-8 months is literally commonplace.  This creates a tremendous delay in proceeding to represent plaintiffs and defend defendants.

In this very case, both counsel have submitted 827 Petitions to the juvenile court (Plaintiffs April 18, 2012, Defendants May 7, 2012), and neither counsel have received any records at all as yet.  However, counsel for plaintiff has a significant portion of the documents needed/sought, because they represented the plaintiffs in the juvenile matter.  Counsel for Ms. Alesia Campbell (Mark Lowary of Berman, Berman & Berman LLP), filed Campbell's 827 Petition (August 9, 2012). If either defense counsel or plaintiffs counsel's Petitions are responded to and documents produced prior to receiving the orders sought from this court,

2

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

arrangements will be made to have the juvenile court order be clear that the documents can be produced to Mr. Lowary as well.

Based on the chronic delay in obtaining juvenile case files, and in order to meet something remotely resembling an expeditious resolution of civil cases in this case, it is the joint request of counsel that this court issue an Order, as explained more fully herein, directing the County of Los Angeles Superior Court Clerk, to produce the documents relevant and critical to the claims or defenses of the parties in this action pursuant to the timelines requested herein, and the Department of Children & Family Services, to produce its files as more fully described herein, to the Clerk of the Juvenile Court, in the event it has not yet done so.

Counsel are seeking the following Orders;

1.)   **COURT RECORDS**

Within 10 days of service of this Order on the Clerk of the Court of the County of Los Angeles ("Clerk of the Court"), the juvenile dependency division of said court shall produce all documents contained in the court's file in juvenile dependency case #CK 86618, including, but not limited to, all of the following,

-W&IC 300 Petitions, original and all as-amended versions,

-All pleadings and motions

3

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

-All Reports (eg. Detention, Jurisdiction, Disposition, Addendum,

 Supplemental, "Last Minute Information," MAT Reports, etc...)

-Minute orders, all other court orders,

-All notices of hearings,

-Any complete or portions of transcripts from hearings held before the

court in #CK 86618, contained in the department's files,

-Any letters from witnesses, therapists, social workers, family relatives of

parents/children, collateral contacts, service providers, or others,

-Any documents pertaining to shelter / foster care placement of the

children, including but not limited to foster care placement related evaluations

(physical, medical, psychological) of the children, x-rays, immunization records,

medical charts and chart notes, etc.

All such documents and information shall be produced to all counsel by

the procedures and methods set forth herein below.

2.)   In addition, any court reporter presented with this order who

recorded any proceedings in the aforementioned juvenile matter (#CK 86618),

shall, at the expense of the requesting party (whether plaintiffs' counsel or

defendants' counsel), prepare a transcript of any proceeding for which a

transcript is requested, and the requesting party shall pay the costs associated

4

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

with the preparation of the transcript. The transcripts shall be mailed to the

requesting party, and costs of mailing included in the request for payment by the

court reporter.

   3.)   **DCFS RECORDS**

   Within 15 days of receipt of this Order by Counsel for the County

defendants, The County of Los Angeles Department of Child and Family

Services ("DCFS") shall produce all documents, items, and information

contained in its juvenile case file for juvenile dependency case #CK 86618, and

any documents, items, or information pertaining to any referrals involving any

of the Plaintiffs in this action, to the Clerk of the Court, (in the event it has not

yet done so), including without limitation, all documents, police / sheriff reports,

Delivered Service Logs, Detention/Jurisdiction/Supplemental/Investigative

Information reports, Last Minute Information Reports, MAT Reports,

doctor/medical records, audio or video recordings, and any other information or

documentation of any kind, nature, or sort, contained in its files or retrievable

from the CWS/CMS or any other computer system used by DCFS, and any and

all other information, documents or tangible items (hereafter collectively

referred to as "documents.").  The documents and/or tangible items shall be

produced to all counsel by the procedures and methods set forth herein below in

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

paragraphs #5 through #7.

    4.)  Any document which DCFS does not provide to the Clerk of the Court for production shall be separately itemized in a pleading captioned in this matter, titled "DCFS Privilege Log," wherein each document withheld must be described with sufficient specificity and particularity to allow the parties and/or the Court in this action to discern the time, date, author/recipient, and relationship of the document to Case #CK86618, and to a sufficient degree to allow identification of the document in a Motion to Compel. Further, the Privilege Log shall identify the factual and/or legal basis for any claim of privilege or confidentiality as to each document withheld from production pursuant to this Order.  The Privilege Log shall be placed as the very first document in the production from DCFS of the records required to be produced pursuant to this Order.

    5.)  The documents withheld, in the case of actual documents, shall be replaced in the production where located in the originals with blank pages in an amount of pages equal to the original document being withheld, and bearing the statement "Privilege Claimed" in not less than 14 point font centered in the footer of the page, which are then sequentially Bates Stamped as if they were the originals in sequence in the production. That Bates Stamped number should be

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

used for identification and stating the basis of the claimed privilege for the document(s) in the Privilege Log discussed hereinabove. Should the item or tangible thing in question be a physical item such as an audio tape, a single page which is also marked "Privilege Claimed" per directions above, with a brief description of the item, and that single page shall be inserted into the production in sequence.  If there is a claim of privilege for such item(s), that should also be included in the DCFS Privilege Log discussed hereinabove.  Both the documents and the Privilege Log, if any there is, shall be delivered to the Clerk of the Court, to hold until copied/scanned as indicated.

6.)  The Clerk of the Juvenile Court and/or counsel for the County defendants, shall meet and confer with all counsel upon receipt of this Order (not less than 96 hours after service of this Order) to arrange for a date within 20 days of the service of this Order, whereby a licensed and bonded copy and/or scanning company selected by all counsel, may report to the Clerk's office used by the general public and/or parties to juvenile dependency court matters (Edmund D. Edelman Children's Court (Dependency – 2nd Floor), 201 Centre Plaza Drive, Monterey Park, CA 91754), to obtain all court filed juvenile dependency court documents in Case #CK86618, and all DCFS documents provided to the Clerk of the Court pursuant to paragraphs #1 and #5.  The court

7

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

filed documents and the DCFS documents will be scanned on-site, (and all documents scanned in Adobe Acrobat PDF format that provide for word search ability), and placed on a flash stick with a USB connection, or CD's/DVD's as the copy company elects to use, upon completion of the copying and/or scanning task outlined in this Order.  The copy company will then provide the storage medium in copies to all counsel in this matter. This order and the production to the attorneys representing parties in this action, must be complied with and completed no more than 45 days from the date of service upon the Clerk of the Court and counsel for defendants in this matter, whichever is later.

7.)   The documents produced under paragraph #1, and paragraph #3 will be separated into two separate multi-document scans. One is of the court filed documents (#1), and the other of all documents from DCFS (#3) including as the very first page(s) the DCFS Privilege Log (Discussed in #4 above), if any.  The documents produced pursuant to this Order will be electronically Bates Stamped in the Adobe Acrobat software by the copy company after scanning.  A set of the flash drives or disk(s) containing the scanned materials and documents shall then be sent to all counsel of record in this proceeding, each such counsel to bear their own shipping / delivery costs and share equally in any charges associated with the copying/scanning performed by the selected copy company.

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

The Court Records documents shall be Bates Stamped with the prefix JVCT, and the DCFS Records and DCFS Privilege Log shall be Bates Stamped with the prefix DCFS.  The copying and scanning agent shall, when all prior requirements are met, promptly produce the stored documents to both counsel on a flash memory stick, CD, or DVD.

8.)   The copying and scanning agent shall delete any copies of any documents, in any form, once Plaintiffs' counsel confirms receipt by all counsel of functioning flash drives and/or disks containing the scanned documents.

9.)   The costs of the scanning and distribution will be shared equally between the plaintiffs, the County of Los Angeles defendants, and the attorney for Alesia Campbell, and paid promptly.  The invoice should reflect the breakdown of charges to each party, and/or a separate invoice provided.

10.)  The documents produced pursuant to this Order shall only be used for the limited purpose of the subject civil action.

11.)  If any juvenile case file records (includes both Court Records and DCFS Records) are attached to a document filed or submitted to the court in the civil case, such records should be requested to be filed under seal.

12.)  Except as necessary the released documents shall not be disclosed to anyone other than the parties, their counsel (including investigators and

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

adjusters), experts, and if applicable, the insurance carrier of the defendants.

13.)  Upon conclusion of these proceedings, and expiration of all appeal periods, documents produced pursuant to this Order shall be destroyed.

**IT IS SO STIPULATED**

Dated: March 20, 2013          LAW OFFICES OF ROBERT R. POWELL

By: ___/S/ Robert R. Powell____
Robert R. Powell, Esq.
Attorney for Plaintiffs

Dated: March 20, 2013          MONROY, AVERBUCK & GYSLER

By: __/S/ Jennifer E. Gysler_____
Jennifer E. Gysler, Esq.
Attorney for County of Los Angeles
And Individually Named County
Employee Defendants

Dated: March 20, 2013          BERMAN, BERMAN & BERMAN LLP

By: __/S/ Mark E. Lowary_____
Mark E. Lowary, Esq.
Attorney for Alesia Campbell

Pursuant to L.R. 5-4.3.4, the filer of this document attests that he has received the concurrence of this signatory to file this document.

10

Stipulation of the Parties
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)