ROBERT R. POWELL, ESQ.   CSB# 159747
DENNIS R. INGOLS, ESQ.    CSB# 236458
BRETT O. TERRY, ESQ.      CSB# 270694
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San Jose, California 95126
(408) 553-0200 Telephone
(408) 553-0203 Facsimile
E: rpowell@rrpassociates.com

E-FILED 03/22/13

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(Western Division – Los Angeles)

| | |
|---|---|
| SEBASTIAN XOSS, MIRSHA LOPEZ,<br><br>           Plaintiffs<br><br>    vs.<br><br><br>COUNTY OF LOS ANGELES, et al.,<br><br>           Defendants. | Case No: CV12-01400 PSG (RZx)<br><br><br>[~~PROPOSED~~] ORDER RE:<br>JUVENILE COURT RECORDS |

Based on the stipulation of the parties submitted March 20, 2013, the court

hereby adopts the following stipulation of the parties and makes same the order

of this court:

1.    Within 10 days of service of this Order on the Clerk of the Court of the

County of Los Angeles ("Clerk of the Court"), the juvenile dependency division

of said court shall produce all documents contained in the court's file in juvenile

1

dependency case #CK 86618, including, but not limited to, all of the following,

-W&IC 300 Petitions, original and all as-amended versions,

-All pleadings and motions

-All Reports (eg. Detention, Jurisdiction, Disposition, Addendum, Supplemental, "Last Minute Information," MAT Reports, etc...)

-Minute orders, all other court orders,

-All notices of hearings,

-Any complete or portions of transcripts from hearings held before the court in #CK 86618, contained in the department's files,

-Any letters from witnesses, therapists, social workers, family relatives of parents/children, collateral contacts, service providers, or others,

-Any documents pertaining to shelter / foster care placement of the children, including but not limited to foster care placement related evaluations (physical, medical, psychological) of the children, x-rays, immunization records, medical charts and chart notes, etc.

All such documents and information shall be produced to all counsel by the procedures and methods set forth herein below.

2.   In addition, any court reporter presented with this order who recorded any proceedings in the aforementioned juvenile matter (#CK 86618), shall, at the

2

Proposed Order
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

expense of the requesting party (whether plaintiffs' counsel or defendants' counsel), prepare a transcript of any proceeding for which a transcript is requested, and the requesting party shall pay the costs associated with the preparation of the transcript. The transcripts shall be mailed to the requesting party, and costs of mailing included in the request for payment by the court reporter.

3.   Within 15 days of receipt of this Order by Counsel for the County defendants, The County of Los Angeles Department of Child and Family Services ("DCFS") shall produce all documents, items, and information contained in its juvenile case file for juvenile dependency case #CK 86618, and any documents, items, or information pertaining to any referrals involving any of the Plaintiffs in this action, to the Clerk of the Court, (in the event it has not yet done so), including without limitation, all documents, police / sheriff reports, Delivered Service Logs, Detention/Jurisdiction/Supplemental/Investigative Information reports, Last Minute Information Reports, MAT Reports, doctor/medical records, audio or video recordings, and any other information or documentation of any kind, nature, or sort, contained in its files or retrievable from the CWS/CMS or any other computer system used by DCFS, and any and all other information, documents or tangible items (hereafter collectively

3

1  referred to as "documents."). The documents and/or tangible items shall be

2  produced to all counsel by the procedures and methods set forth herein below in

3  paragraphs #5 through #7.

4  4.   Any document which DCFS does not provide to the Clerk of the Court for production shall be separately itemized in a pleading captioned in this matter, titled "DCFS Privilege Log," wherein each document withheld must be described with sufficient specificity and particularity to allow the parties and/or the Court in this action to discern the time, date, author/recipient, and relationship of the document to Case #CK86618, and to a sufficient degree to allow identification of the document in a Motion to Compel. Further, the Privilege Log shall identify the factual and/or legal basis for any claim of privilege or confidentiality as to each document withheld from production pursuant to this Order. The Privilege Log shall be placed as the very first document in the production from DCFS of the records required to be produced pursuant to this Order.

5.   The documents withheld, in the case of actual documents, shall be replaced in the production where located in the originals with blank pages in an amount of pages equal to the original document being withheld, and bearing the statement "Privilege Claimed" in not less than 14 point font centered in the

4

Proposed Order
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

footer of the page, which are then sequentially Bates Stamped as if they were the originals in sequence in the production. That Bates Stamped number should be used for identification and stating the basis of the claimed privilege for the document(s) in the Privilege Log discussed hereinabove. Should the item or tangible thing in question be a physical item such as an audio tape, a single page which is also marked "Privilege Claimed" per directions above, with a brief description of the item, and that single page shall be inserted into the production in sequence.  If there is a claim of privilege for such item(s), that should also be included in the DCFS Privilege Log discussed hereinabove.  Both the documents and the Privilege Log, if any there is, shall be delivered to the Clerk of the Court, to hold until copied/scanned as indicated.

6.     The Clerk of the Juvenile Court and/or counsel for the County defendants, shall meet and confer with all counsel upon receipt of this Order (not less than 96 hours after service of this Order) to arrange for a date within 20 days of the service of this Order, whereby a licensed and bonded copy and/or scanning company selected by all counsel, may report to the Clerk's office used by the general public and/or parties to juvenile dependency court matters (Edmund D. Edelman Children's Court (Dependency – 2nd Floor), 201 Centre Plaza Drive, Monterey Park, CA 91754), to obtain all court filed juvenile dependency court

5

documents in Case #CK86618, and all DCFS documents provided to the Clerk of the Court pursuant to paragraphs #1 and #5.  The court filed documents and the DCFS documents will be scanned on-site, (and all documents scanned in Adobe Acrobat PDF format that provide for word search ability), and placed on a flash stick with a USB connection, or CD's/DVD's as the copy company elects to use, upon completion of the copying and/or scanning task outlined in this Order.  The copy company will then provide the storage medium in copies to all counsel in this matter. This order and the production to the attorneys representing parties in this action, must be complied with and completed no more than 45 days from the date of service upon the Clerk of the Court and counsel for defendants in this matter, whichever is later.

7.     The documents produced under paragraph #1, and paragraph #3 will be separated into two separate multi-document scans. One is of the court filed documents (#1), and the other of all documents from DCFS (#3) including as the very first page(s) the DCFS Privilege Log (Discussed in #4 above), if any.  The documents produced pursuant to this Order will be electronically Bates Stamped in the Adobe Acrobat software by the copy company after scanning.  A set of the flash drives or disk(s) containing the scanned materials and documents shall then be sent to all counsel of record in this proceeding, each such counsel to

6

Proposed Order
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

bear their own shipping / delivery costs and share equally in any charges associated with the copying/scanning performed by the selected copy company. The Court Records documents shall be Bates Stamped with the prefix JVCT, and the DCFS Records and DCFS Privilege Log shall be Bates Stamped with the prefix DCFS.  The copying and scanning agent shall, when all prior requirements are met, promptly produce the stored documents to both counsel on a flash memory stick, CD, or DVD.

8. The copying and scanning agent shall delete any copies of any documents, in any form, once Plaintiffs' counsel confirms receipt by all counsel of functioning flash drives and/or disks containing the scanned documents.

9. The costs of the scanning and distribution will be shared equally between the plaintiffs, the County of Los Angeles defendants, and the attorney for Alesia Campbell, and paid promptly.  The invoice should reflect the breakdown of charges to each party, and/or a separate invoice provided.

10. The documents produced pursuant to this Order shall only be used for the limited purpose of the subject civil action.

11. If any juvenile case file records (includes both Court Records and DCFS Records) are attached to a document filed or submitted to the court in the civil case, such records should be requested to be filed under seal.

7

Proposed Order
Xoss/Lopez v. County of Los Angeles, et al.
U.S. District Court – Central District
Case No. CV12-01400 PSG (RZx)

1    12.   Except as necessary the released documents shall not be disclosed to

2    anyone other than the parties, their counsel (including investigators and

3    adjusters), experts, and if applicable, the insurance carrier of the defendants.

4    13.   Upon conclusion of these proceedings, and expiration of all appeal

5    periods, documents produced pursuant to this Order shall be destroyed.

**IT IS SO ORDERED.**

Dated: ___03/22/13_____         PHILIP S. GUTIERREZ
                                _____
                                U.S. Central District Court Judge

8